# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:00cr137

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| FREEMAN LEE ROGERS, JR., ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the court on defendant's *pro se* Letter (#348), in which defendant seeks clarification from the court about the restitution order contained in defendant's Judgment (#22). According to defendant, his mother passed away in 2007, and during the settlement of her estate in the years that followed, the outstanding restitution was satisfied by seizing defendant's share of the estate.

Having reviewed the pleadings, the court notes that defendant was convicted of conspiracy to possess with intent to distribute cocaine and cocaine base and using and carrying a firearm during and in relation to a drug trafficking crime resulting in murder. Judgment, p. 1. The Judgment includes an order to pay $2,758.75 in victim restitution and notes that "defendant is jointly and severally liable with co-defendants for the total amount of restitution" Id., p. 6. The court had discretion at sentencing to "make each defendant liable for payment of the full amount of restitution" or to "apportion liability among the defendants," 18 U.S.C. § 3664(I), and, indeed, the court determined that defendant was jointly and severally liable. Defendant does not indicate whether he appealed the restitution order at the time of sentencing or whether he raised the issue on appeal. See United States v. Ubakanma, 215 F.3d 421, 427 (4th Cir. 2000) (limiting the appellate court's review to plain error). Furthermore, federal law requires that if a person who is :

> obligated to provide restitution, or pay a fine, receives substantial resources from any source, including inheritance, settlement, or other judgment, during a period of incarceration, such person shall be required to apply the value of such resources to any restitution or fine still owed.

18 U.S.C. § 3664(n). Therefore, the court has no authority to intervene in the distribution of an estate's assets, nor was any further court order required prior to the seizure of any inheritance or settlement owed to defendant.

**IT IS, THEREFORE, ORDERED** that the relief requested in petitioner's Letter (#348) is **DENIED**.

Max O. Cogburn Jr.
United States District Judge

Signed: August 27, 2012